Indust. Com. v. Souvett_____ 18774
Lindeman, Admx. v. Rosche_____ 18775

**September 8**

18774—Industrial Commission of Ohio v. Peter Souvett; motion to direct Defiance Appeals to certify record. C. C. Crabbe, Atty. Gen., R. R. Zurmehly, Columbus, and Victor Mansfield, Defiance, for plaintiff; Winn & Goller and H. B. Mullholland, Defiance, for defendant.

18775—Myrtle Lindeman, as Administratrix of the Estate of Albert E. Lindeman, deceased, v. Fred C. Rosche; motion to direct Hamilton Appeals to certify record. Alcorn & Alcorn, Cincinnati, for plaintiff; Clore, Schwab & McCaslin, Cincinnati, for defendant.

# Weekly Abstract Of Pending Cases

The following statements were prepared by our editors from the recitals appearing in the papers filed in the Supreme Court, or they have been written and sent us by the attorney or attorneys bringing the case.

### No. 563

### BONOMINI v. BUSSMAN

### No. 18756. Supreme Court

Pending on motion of Bonomini to require Hamilton Appeals to certify its record; docketed Aug. 13, 1924. 2 Abs. 498.

**829. NEGLIGENCE.** Is it contributory negligence to cross a city street in a place other than a designated crossing?

This case is one to recover for wrongful death of Charles A. F. Bussman, who was killed while crossing a thoroughfare in Cincinnati at an intersection and while passing in front of a moving street car into the path of the automobile driven by Bonomini.

The defense of contributory negligence was interposed because plaintiff's intestate crossed at a place other than the designated crossing and also in front of a moving street car.

The question upon which the judgment in favor of defendant in the Common Pleas Court was reversed by the Court of Appeals was the failure of the trial court to explain to the jury where the street crossing was at this place. The ordinances of Cincinnati define that street crossings shall be the width of the sidewalk and their length from curb to curb and at right angles to the curb lines, and that pedestrians shall cross at such designated crossings.

The contention on the motion to certify is that a question of general and great public interest is presented in that municipalities have the right to designate street crossings, and that where such crossings are definitely defined by ordinance, it was error in reversing judgment of the Court of Common Pleas and finding that the court should have explained where the crossing was, when ordinances defined it.

Attorneys—F. O. Valentine, for Bonomini; W. P. Honman, for Bussman; all of Cincinnati.

### No. 564

### JOHN L. CRONIN v. LOU A. GREEN

### No. 18760. Supreme Court.

Pending on motion of Cronin to require Court of Appeals of Ross county to certify its record; docketed Aug. 15, 1924. 2 Abs. 576.

**313. CORPORATIONS.** Do stockholders of foreign corporation become liable for debts, as partners, by operating in Ohio without compliance with the law?

**147. BILLS AND NOTES.** Misjoinder of defendants as makers.

**183. JURY.** Can Common Pleas Judge decide issues raised by pleadings, after overruling demurrer, without a jury or waiver of one?

Green filed a petition in the Common Pleas of Ross county against Alexander Brown and John L. Cronin, defendants, partners, doing business under the name of The Brown and Cronin Great Show Company on three causes of action: (1) That they owed him $630 on a note signed, "The Brown and Cronin Greater Show Company, by J. L. Cronin, President; Alb J. Bath, Treasurer." (2) Balance on services, expense, etc. (3) For balance due on a loan to defendants; $151.41, in all,$1092.14.

Cronin filed his answer denying generally, and set up that the transaction was with the show company, a corporation and did not involve him individually. Green in his reply admitted the allegations of Cronin, but set up that the company was organized under the laws of Delaware; that neither Brown nor Cronin was a resident of Delaware, that they were the principal stockholders of the company, and had entire charge of its business, and had the various transactions with him, borrowed the money of him and employed him. He further set out that the show company was not authorized to do business in Ohio, not having complied with the law of the state, for foreign corporations doing business therein whereby said defendants became liable to him as partners. That the employment and the loaning of the money was done in Ohio.

To this reply Cronin demurred, for a misjoinder of causes of action, and that a cause of action was not stated. The Common Pleas overruled the demurrer and defendant, not desiring to plead further, the court gave judgment to Green, plaintiff, $1566.83. The Court of Appeals affirmed the judgment, reducing it by $21.90.

The issues raised in the case presented the questions of: (1) Whether the transaction of business by stockholders of a corporation before securing a certificate of compliance with the law, from the Secretary of State, makes the stockholders individually and personally liable as partners, for the debts of the corporation. (2) Whether it was proper to join Brown and Cronin as defendants and ignore Bath, Brown's name not appearing on the note, and Bath's being signed thereto the note being a joint obligation. (3) Could the Common Pleas adjudicate the questions of fact which were put in issue by the pleadings, without submission to or waiver of a jury?

Attorneys—Minshall & Phillips, for Cronin; W. G. Hyde and L. B. Yaple, for Green; all of Chillicothe.